IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GILBERT MIHOC, CS-2512, )
    Petitioner, )
     )
    v. ) 2:11-cv-75
     )
DANIEL BURNS, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Gilbert Mihoc for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists that a certificate of appealability be denied.

II. Report:

Gilbert Mihoc has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis

Mihoc is presently serving a twenty to forty year sentence imposed following his conviction, by a jury, of two counts of rape, once count of statutory rape, one count of incest, one count of terroristic threats, one count of indecent assault, one count of corruption of the morals of a minor, one count of recklessly endangering another person, and one count of involuntary deviate sexual intercourse arising out of sexual abuse of his daughters at Criminal Nos. CP-02-CR-1748-1986 and CP-02-CR1749-1986 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 4, 1988. An appeal was taken to the Superior Court and the judgment of sentence was affirmed on April 25, 1989.[1]

Commencing on March 28, 1988, Mihoc filed the first of five post-conviction petitions. That petition was denied due to the pendency of his direct appeal. On August 21, 1989, he filed a habeas corpus petition which was treated as a post-conviction petition. The latter petition was ultimately denied and the denial of relief was affirmed by the Pennsylvania Superior Court. On January 4, 2006, Mihoc filed a third post-conviction petition which was denied on June 27, 2006.

---

[1] See: Petition at ¶¶ 1-9 and the July 30, 2010 Memorandum of the Superior Court which is attached to the petition.

A fourth petition was filed and the latter was dismissed on May 19, 2008. On May 15, 2008, a fifth post-conviction petition was filed in which Mihoc alleged that one of his victims sought to recant her trial testimony. At the hearing the petitioner failed to present any supporting evidence and the fifth petition was denied as untimely filed and lacking in evidentiary support. On appeal, the Superior Court observed that a post-conviction petition must be filed within one year of the date on which the sentence becomes final, 42 Pa.C.S.A. § 9545(b)(1), absent exceptional circumstances none of which were present. Accordingly, the Superior Court affirmed the denial of post-conviction relief on July 30, 2010.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on December 28, 2010.[3]

In the instant petition, executed on January 18, 2011, Mihoc contends he is entitled to relief on the following grounds:

> 1.The petition relating to newly discovered evidence and witness recantation was timely. Additionally newly discovered evidence validated that the prosecution committed murder to suppress exculpatory evidence.
>
> 2.The state court cannot maintain that petitioner failed to validate filing with the statutory exception and within 60 days of such due to lower court judge's admittance of his own receipt of letters and affidavits.
>
> 3.The PCRA court erred in not granting the petition to permit telephone/video testimony of daughters and ex-wife. Being unable to travel to Pittsburgh at attend the evidentiary hearing as held on the matter.
>
> 4, The PCRA court erred in denying relief based upon the documents of record. Where such documents showed innocence.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] See: Memorandum of the Superior Court attached to the petition.
[3] See: Attachment to the petition.

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner's conviction was affirmed by the Superior Court on April 25, 1989, and leave to appeal to the Pennsylvania Supreme Court was not sought. Thus his conviction became final on May 25, 1989 when the time in which to seek review by the Supreme Court expired.[4] Mihoc's first post-conviction petition was filed during the pendency of his direct appeal and was therefore appropriately dismissed. He then submitted a timely post-conviction petition on August 21, 1989 and after extensive proceedings, the denial of relief was affirmed on December 22, 1994.[5] There then followed a series of other post-conviction petitions, the dismissal of which was affirmed by the Superior Court on July 30, 2010 as "patently time barred".[6] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner's conviction became final on May 25, 1989 and his timely post-conviction petition was terminated on December 22, 1994. The remainder of his filings in state court were not "properly filed" since except in very limited circumstances not applicable here Pennsylvania only permits the filing of a post-conviction petition within one year of the date on which the conviction becomes final.[7]

The instant petition was executed on January 18, 2011 or almost twenty-two years after the conviction became final and over sixteen years after his first timely post-conviction petition

---

[4] See: Pa.R.App.P. 1113.
[5] See: Common Pleas Docket Sheet: CP-02-CR-1748-1986.
[6] See: July 30, 2010 Memorandum of the Superior Court which is attached to the petition.
[7] See: 42 Pa.C.S.A. 9545(b).

3

was denied. Thus, far in excess of the one year period in which to seek relief here has expired; the grounds upon which the petitioner bases his allegations of entitlement to relief are not matters which did not exists almost two decades ago; there is no equitable basis set forth for waiving the timeliness required, and the petition here is time barred.

Accordingly, it is recommended that the petition of Gilbert Mihoc for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists that a certificate of appealability be denied.

Within the time specified in the Notice of Electronic Filing, any party may serve and filed written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

                                                    s/ Robert C. Mitchell
                                                    United States Magistrate Judge

Filed: March 1, 2011