IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GILBERT MIHOC,                              )
                    Petitioner,             )
                                            )
            v.                              )    Civil Action No. 11-75
                                            )
DANIEL BURNS, et al.,                       )
                    Respondents.            )

MEMORANDUM ORDER

On January 19, 2011, a petition for a writ of habeas corpus was submitted on behalf of

the petitioner Gilbert Mihoc ("Mihoc").  The petition was filed on January 24, 2011.  On March

1, 2011, a Report and Recommendation ("R&R") was issued by the United States Magistrate

Judge, in which it was recommended that Mihoc's petition for a writ of habeas corpus be

dismissed, and that a certificate of appealability be denied, because reasonable jurists could not

conclude that a basis for appeal exists.

In the R&R, it was explained that Mihoc is presently serving a twenty to forty year

sentence imposed following his conviction, by a jury, of two counts of rape, one count of

statutory rape, one count of incest, one count of terroristic threats, one count of indecent assault,

one count of corruption of the morals of a minor, one count of recklessly endangering another

person, and one count of involuntary deviate sexual intercourse arising out of the sexual abuse of

his daughters at Criminal Nos. CP-02-CR-1748-1986 and CP-02-CR 1749-1986 in the Court of

Common Pleas of Allegheny County, Pennsylvania.  This sentence was imposed on March 4, 1988.  An appeal was taken to the Pennsylvania Superior Court, and the judgment of sentence was affirmed on April 25, 1989.  Leave to appeal to the Pennsylvania Supreme Court was not sought, and so

Mihoc's conviction became final on May 25, 1989.  Pursuant to the Antiterrorism and Effective Death Penalty Act, a one-year statute of limitations is applicable here.

As set forth in the R&R, Mihoc filed a post-conviction petition during the pendency of his direct appeal, and therefore, it was properly dismissed.  He then submitted a timely post-conviction petition on August 21, 1989, and after extensive proceedings, the denial of relief was affirmed on December 22, 1994.  Hence, Mihoc presented his petition almost twenty-two years after his conviction became final and over sixteen years after his timely post-conviction petition was denied.  Since the time period in which to seek relief here expired, Mihoc's petition is time-barred.

The petitioner was given an opportunity to file written objections to the R&R, and on March 10, 2011, he filed objections.  In his objections, the petitioner does not argue that the R&R erred in concluding that his petition was time-barred; rather, Mihoc avers that he opted to have a district judge assigned to the case, and so the magistrate judge exceeded his authority by issuing the R&R.

Needless to say, in accordance with the petitioner's request, the undersigned United States District Judge was assigned to the case on February 10, 2011.  Having independently reviewed the pleadings, the petitioner's objections, and the magistrate judge's R&R, which is adopted as the opinion of this court,

IT IS ORDERED that the petition of Gilbert Mihoc for a writ of habeas corpus is dismissed, and that a certificate of appealability is denied, because reasonable jurists could not conclude that a basis for appeal exists.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the F.R.App.P., if the petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.


Dated:   March 31, 2011

/s/ Joy Flowers Conti
United States District Judge