DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GILBERT MIHOC,                      )
       Petitioner,              )
                                    )
       v.                       )   Civil Action No. 11-75
                                    )
DANIEL BURNS, et al.,               )
       Respondents.             )

## MEMORANDUM ORDER

On January 19, 2011, a petition for a writ of habeas corpus was submitted on behalf of the petitioner, Gilbert Mihoc. The petition was filed on January 24, 2011. On March 1, 2011, a Report and Recommendation ("R&R") was issued by the United States Magistrate Judge, in which it was recommended that Mr. Mihoc's petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied, because reasonable jurists could not conclude that a basis for appeal exists. As explained in the R&R, Mr. Mihoc's petition is time-barred.

The petitioner was given an opportunity to file written objections to the R&R, and on March 10, 2011, he filed objections. On March 31, 2011, after reviewing the petitioner's objections, the Court issued an Order adopting the R&R as the opinion of the Court, dismissing Mr. Mihoc's petition for a writ of habeas corpus and denying a certificate of appealability. On March 31, 2011, the Court also issued a Judgment Order, in which it entered judgment against the petitioner and in favor of the respondents.

On April 15, 2011, the petitioner moved for reconsideration of the Court's March 31,

2011 Order and Judgment Order. Clearly, the plaintiff's motion for reconsideration lacks merit.

"[A] motion for reconsideration is placed within the sound discretion of the district court". Hudson United Bank v. Litenda Mortgage Corp., 142 F.3d 151, 159-60 (3d Cir. 1998). Our Court of Appeals has stated that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:

(1) an intervening change in the controlling law;

(2) the availability of new evidence that was not available when the court [issued its orders]; or

(3) the need to correct a clear error of law or fact or to prevent manifest injustice."

Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, in his motion for reconsideration, the petitioner does not argue that the Court erred in concluding that his petition was time-barred. Likewise, the petitioner does not suggest that there has been a change in the controlling law of this case, new evidence that is available, or a need to prevent manifest injustice.

Therefore, IT IS ORDERED that the petitioner's motion for reconsideration (Document No. 13) is denied.

The petitioner is reminded that if he desires to appeal the dismissal of his petition, he must do so by April 30, 2011.

Dated: April 21, 2011                    /s/ Joy Flowers Conti
                                         United States District Judge